THE STATE, ANNA B. CONKLIN, EXECUTRIX, ISABELLA BOGERT AND CHRISTIANA ZABRISKIE, PROSECUTORS, v. BERGEN COUNTY CIRCUIT COURT ET AL.

Argued November Term, 1898—Decided March 20, 1900.

An assessment for opening a street will be set aside if one of the commissioners is a property-owner and taxpayer within the limits of the village over which the board of commissioners had authority, he being disqualified by the act of March 12th, 1878. *Pamph. L.*, p. 70, § 2.

On *certiorari*, &c., for opening of Camden street.

Before Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the prosecutors, *Addison Ely.*

For the defendants, *Luther A. Campbell* and *Warren Dixon.*

LIPPINCOTT, J. (memorandum). The announcement was made at the February Term, 1899, that the assessments brought into this court by these writs were set aside, with costs.

The ground for the setting aside these assessments was that the statute of 1878, which authorizes the imposition of these assessments, requires that they shall be made by three discreet, competent freeholders, not property-owners, tax-

payers nor residents within the limits of the authority of such board of commissioners. *Pamph L., p.* 70, § 2.

The evidence shows that one, at least, of the commissioners was disqualified under this act. He was a property-owner and taxpayer within the village of Hackensack, over which the board of commissioners had authority, and thus disqualified to make the assessment, and therefore the assessments are void.

The other reasons urged have not been considered.